FARRIS, Circuit Judge.
Hudson Ferreira Martins alleges that the government failed to introduce sufficient evidence for a reasonable jury to convict him of aggravated identity theft under 18 U.S.C. § 1028A(a)(l) (2000). We review a sufficiency of the evidence challenge de novo in the light most favorable to the government. United States v. Marin, 523 F.3d 24, 27 (1st Cir.2008). The government was required to show that the Martins knew he was in possession of a false form of identification that belonged to another actual person. See United States v. Godin, 534 F.3d 51, 53-54 (1st Cir.2008). The government introduced evidence that Martins had the social security card of Lionix Malave, and that Martins knew many specific details of Malave’s life. There was sufficient evidence. Defendant also contends that the aggravated penalties imposed by the Act do not apply to crimes involving the misuse of the statute whereby Congress explicitly provided that violations of “section 208 ... of the Social Security Act” fall within the aggravated identity theft statute. 18 U.S.C. § 1028A(c)(ll) (2000).
Martins next alleges that the District Court failed to instruct the jury that it had to find beyond a reasonable doubt that Martins knew that Malave was a person. We review for plain error. United States v. Gonzalez-Velez, 466 F.3d 27, 34 (1st Cir.2006). To show plain error, Martins must show “that an error occurred which was clear or obvious and which not only affected the defendant’s substantial rights, but also seriously impaired the fairness, integrity, or public reputation of judicial proceedings.” United States v. Duarte, 246 F.3d 56, 60 (1st Cir.2001). There was substantial unchallenged evidence that Martins knew that Malave existed. There was no plain error.
Martins alleges that the District Court’s decision to sentence him for both aggravated identity theft, 18 U.S.C. § 1028A (2000), and use of a fraudulent social security number, 42 U.S.C. § 408(a)(7)(B) (2000), constitutes double jeopardy. We review de novo. United States v. DeCologero, 530 F.3d 36, 71 (1st Cir.2008). The plain wording of the aggravated identity theft statute reveals that Congress “specifically authorize[d] cumulative punishment under two statutes.” Missouri v. Hunter, 459 U.S. 359, 368, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).
AFFIRMED.